## DIXON *vs.* DIXON.

1. Whether adulterous acts, committed by a wife prior to the execution of a deed of settlement by her husband, in her favor, but which were concealed from him, and were unknown and unsuspected by him when the deed was made, would avail to set the deed aside. *Quaere.*

2. That she afterwards lived in adultery with the man charged to have been her paramour before the execution of the deed of settlement, cannot authorize the inference of her prior guilt, without additional proof.

3. A deed of settlement for the wife's benefit, made upon the execution of articles of separation between herself and husband, and good at the time of its execution and delivery, will not be set aside for adultery, or any misconduct of the wife, afterwards.

*Mr. Ransom*, for complainant.

*Messrs. Dixon* and *Collins*, for defendant.

THE VICE-CHANCELLOR.

The complainant's wife having left him on account of ill treatment, and having brought suit for maintenance, the suit was settled by the complainant's executing a conveyance of certain lands to a trustee, for the sole and separate use of the wife. The conveyance was made August 3d, 1869.

A suit was shortly after brought by complainant to set the deed aside, on the ground that it was made at a time when, by reason of his condition, from the excessive use of intoxicating drinks, he was incapable of executing the same so as to bind himself thereby. In this suit, the complainant failed, and his bill was dismissed in this court, (7 *C. E. Green* 91,) and the decree affirmed by the Court of Appeals.

He thereupon filed a bill of review, in the nature rather of an original bill, to set the deed aside, on the new and different grounds, that, before the deed was made, she had been guilty of adultery, and that this was concealed from her husband, and was unknown and unsuspected by him when the deed was made ; and also that, since the deed was made, she has been living in adultery in the State of New York, where he has lately, for that cause, sued for and obtained a divorce.

The latter suit has been argued upon the bill, answer, replication, and proofs.

Two questions were discussed: whether, first, the wife's adulterous acts, after the execution and delivery of the deed, are a sufficient cause for setting it aside; and whether, second, she was guilty of adulterous acts before the deed was made. The evidence is altogether insufficient to establish that she was; and if, therefore, the second point is to be regarded as a lawful cause for granting the relief prayed for in the bill, the point of fact has not been maintained, and the relief must be denied. That she afterwards lived in adultery with the man

charged to have been her paramour before the making of the conveyance, is too clear for doubt; but her subsequent bad life cannot authorize the inference of her prior guilt, without additional proof, and such proof by no means appears.

Again, that subsequent guilt is not a ground for the relief sought by the bill, has already been determined by this court, upon a preliminary motion in the cause, and will not now be reviewed. An injunction to restrain the trustee from selling until the determination of this suit was refused by the late Chancellor, and the law declared to be, that a deed or settlement of this kind, if good at its execution and delivery, will not be set aside for adultery, or any misconduct of the wife afterwards. 8 *C. E. Green* 316.

The deed, in this case, is unqualified in terms, and empowers the trustee, at any time, upon the wife's written request, to convey to her, or any person she might appoint. It must be construed most strongly against the grantor, and no conditions of good behavior on the part of the wife, however wise and just their insertion in the deed might have been when the deed was made, can now be inserted or appended by the court. The result is, that the bill must be dismissed, with costs.

I respectfully so advise.